# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

**FILED - GR**

November 19, 2019 10:29 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_mkc_   SCANNED BY: ‾JB /____

11/19/19

2:19-cv-233

Robert J. Jonker - Chief U.S. District Judge
Maarten Vermaat - Magistrate Judge

**DERYL DUDE NELSON,**

      Petitioner,

  vs.

**CHIPPEWA CORRECTIONAL
FACILITY WARDEN,**

      Respondent.

_____/

Case No.:

Honorable:

Magistrate:

# PETITIONER'S PETITION FOR
# WRIT OF HABEAS CORPUS

TABLE OF CONTENT

Index of Authority                                        iii

Statement of Jurisdiction                                   1

Statement of Case                                          1

Statement of Facts                                         2


Argument 1.


     DID THE FELONY COMPLAINT MEET THE STATUTORY
     REQUIREMENT WHEN THE FELONY COMPLAINT WAS NOT
     SWORN TO BEFORE A CLERK OR MAGISTRATE?

     DID THE UNAUTHORIZED SIGNATURE ON THE JURAT
     UPON THE FELONY COMPLAINT CONSTITUTE FORGERY?

     DID THE TRIAL COURT HAVE JURISDICTION TO TRY
     AND CONVICT PETITIONER NELSON BASED ON A FORGED
     OR MANUFACTURED FELONY COMPLAINT?                   4


Argument 2.


     FRAUD ON THE COURT BY THE COURT OF APPEALS
     FRAUDULENT REPRESENTATION AND FRAUDULENT
     CONCEALMENT?                                        7


Argument 3.


     MANUFACTURE AND FALSIFYING COURT'S RECORD BY
     THE COURT OF APPEALS?                               9


Argument 4.


     WHEN THE MICHIGAN COURT OF APPEALS REASONED
     THAT THE FELONY COMPLAINT MET THE STATUTORY
     REQUIREMENT BECAUSE THE FELONY WAS MERELY
     SIGNED BEFORE A MAGISTRATE, A MISAPPLICATION OF
     LAW? WAS THE FELONY COMPLAINT THAT PETITIONER
     WAS CONVICTED UNDER SWORN TO BY THE COMPLAINING
     WITNESS AS REQUIRED BY STATE LAW?                  11

i

RELIEF REQUESTED                                    15

Petitioner Nelson's Affidavit                        15

Exhibit's 1 - 7

Appendix A - D

INDEX OF AUTHORITY

CASES:                                                        PAGES:

Batey v. Batey, 35 Wn. 2d 781 (1950)                            6

Bovie v. Columbia, 378 US 347; 12 LEd 894;
    84 S.Ct 1697 (1964)                                     12, 14

Fletcher v. Kalina, 93 F3d 653 (9th Cir. 1996)                 5

Hamilton v. McCotter, 772 F2d 171, 183, 184; 185
    (5th Cir 1985)                                             5

Hazel - Atlas Glass Co. v. Hartford-Emoire Co., 322 US 238;
    244 (1944)                                                 7

In The Matter of James E. Bennett, Bankrupt, 223 F. Supp. 423
    428 (Mich. W.D. 1963)                                      5

In Re Estate of Rocdell, 253 Iowa 438 (1962)                6, 7

Kalina v. Flectcher, 522 US 118, 129, 130, 131;
    118 S.Ct 502; 139 L.Ed.2d 471 (1997)                       8

Marshall v. Holmes, 141 US 589; 35 L.Ed. 870;
    12 S.Ct. 62 (1891)                                        10

Martin v. United States, 889 F.3d 827,
    832 (6th Cir. 2018)                                       10

Olsen v. McFaul, 843 F.2d 918, 931 (6th Cir. 1988)         12, 13

People v. Burrill, 391 Mich. 128                           11, 12

People v. Grable, 95 Mich. App. 20, 24;
    289 N.W.2d 871 (1980)                                      5

People v. Ramos, 430 Mich. 544, 558;
    424 N.W.2d 509 (1988)                                  12, 13

People v. Susalla, 392 Mich. 387, 392-393;
    220 N.W.2d 405 (1974)                                    4, 5

United States v. Bertrand, 596 F2d 150 (6th Cir. 1979)         4

United States v. Williams, 790 F.3d 1059 (10th Cir. 2015)      7

Williams v. Wayne County Sheriff, 395 Mich. 204, 234;
    235 N.W.2d 552 (1975)                                      6

FEDERAL STATUTE:

28 U.S.C. § 2241                                           1
28 U.S.C. § 2254                                           1
18 U.S.C. § 505


US CONSTITUTION:

Fourth Amendment                                    13, 14
Fourteenth Amendment                         8, 10, 13, 14
Ex Post Facto Clause Art. 1. §9. cl. 3                  13
Ex Post Facto Clause Art. 1. §10. cl. 1                 13

MICHIGAN STATUTE:

MCL 750.248                                             5
MCL 750.423                                            12
MCL 764.1a                                  4, 8, 11, 13


MICHIGAN COURT RULE

MCR 6.101(A)(B)                                        11
MCR 6.101(B)                                           11
MCR 6.110                                              10


BLACK'S LAW DIC. 10th Ed:

Swear Out                                             11
Unauthroized Signature                                4
Fietitious Party                                      6

# STATEMENT OF JURISDICTION

The United States District Court has jurisdiction to grant Writ of Habeas Corpus to state prisoner challenging his conviction based on the violation of the United States Constitution. 28 U.S.C. 2241 and 2254.

# STATEMENT OF CASE

1) After Petitioner Nelson was convicted in 2014, since then Petitioner Nelson has received newly discovered evidence that proves his conviction and sentence is false. One piece of the newly discovered evidence is an Affidavit from the Clerk of Court that proves' that the Michigan's Court of Appeals (MCOA) three (3) panel judge used falsified court documents to affirm Petitioner Nelson's conviction. [Exhibit 1, Clerk's Affidavit.]

2) The second piece of newly discovered evidence comes' from the Attorney Grievance Commission, assistant prosecutor Ron L. Haywood's February 9, 2019, answers. This new evidence proves' that the [MCOA] three (3) panel judges used fraudulent representation and fraudulent concealment to also affirm Petitioner Nelson's conviction and sentence. Such acts are consistent with fraud on the court. [Exhibit 2 Haywood's Answer.]

3) Petitioner Nelson sought habeas review in 2018 in the 50th Circuit Court, County of Chippewa Case No. 18-15088-AH. Petitioner Nelson asserted that the trial court lacked jurisdiction to try and convict him via forged unsworn - to felony complaint. The judge willfully ignored and did not address what Petitioner Nelson had complained - of and denied his Petition for Writ of Habeas Corpus. [Appendix A 50th Circuit Court Order.]

4) In March 2019, Petitioner Nelson filed a Petition for Writ of Habeas Corpus in Michigan's Court of Appeals. Petitioner Nelson raised the above claims and also asserted that it's 2016 judgment to deny his appeal of RIGHT was by fraud on the court

**1**

committed by it's three (3) panel judges. The Court denied Nelson's Petition for Writ of Habeas Corpus without explanation. [Appendix B (MCOA) Order Case No. 348107.]

5)   In June 2019 Petitioner Nelson filed his application for leave to appeal in the Michigan Supreme Court. Nelson also motioned the court to review additional questions about the Michigan Court of Appeals 2016 manifest misapplication of law. The Court reviewed all questions, however, was not persuaded and denied Petitioner Nelson's leave to appeal. [Appendix C Michigan Supreme Court Order Case No. 159731.]

## STATEMENT OF FACTS

6)   In March 2014, Petitioner Nelson was arrested and arraigned for offenses he was not charged with, second degree murder and reckless driving causing death.

7)   July 18, 2014, the validity of the charging instrument, known as, the felony complaint was questioned. Petitioner Nelson's defense was that the court lacked jurisdiction to try and convict him because no felony complaint sworn - to as the law require existed. [Transcript 7-18-14 pp. 3, 4, 5, 6.]

8)   The assistant prosecutor refuted that the felony complaint was sworn - to and signed by complaining witness Derrick Raysdale, a State Troop, while all along the felony complaint shows' the name Keely Cochran, as the complaining witness. [Exhibit 3 Felony Complaint & Warrant; Exhibit 4 Transcript 7-18-14 pg. 8.]

9)   The judge went along with the assistant prosecutor's fraudulent misrepresentation of the felony complaint and saw in her eyes, not in the eyes of law, that the felony complaint was proper and continued proceeding against Petitioner Nelson. [Transcript 7-18-14 pg. 10.]

10)  July 31, 2014, Lisa Lucio testified that she was the officer-in-charge who had actually wrote the report. [Exhibit 5 Transcript 7-31-14 pg. 86.] The judge ignored LUCIO'S testimony that she was the officer-in-charge. The Judge stated, "So we'll

call the officer-in-charge and then we'll recess for the day."
[Exhibit 6 Transcript 7-31-14 pg. 105.]

11) When defense attorney revealed that he was calling Sgt. Keely Cochran as being the complaining witness and officer-in-charge to testify, the assistant prosecutor did not object to it not being Derrick Raysdale, who he had alleged previous was the complaining witness, who that allegedly sworn-to and signed the complaint. [Exhibit 6, Transcript 7-31-14 pgs. 104-107.]

## MANUFACTURE AND FORGERY EXPOSED

12) When Keely Cochran took the stand he was asked a two-prong question. "Can you identify the formal complaint and is the signature on the complaint yours, asking for the prosecutor's officer to authorize the warrant for second-degree murder and reckless driving causing death on Mr. Nelson?" Sgt. Cochran answered, "No, its not my signature. It's the court officers signature, he signed on my behalf." [Exhibit 6, Transcript 7-31-14, pg. 107.]

13) Thereafter Petitioner Nelson was illegally convicted and illegally sentenced to 25 to 50 years' for second degree murder and to 12 to 24 years for Reckless Driving Causing Death via an unsworn fraud or manufactured felony complaint. Petitioner is now illegally detained at MDOC: Kinross Correctional Facility, 4533 West Industrial Park Drive, Kincheloe, Michigan 49788-1638.

# ARGUMENT I

DID THE FELONY COMPLAINT MEET THE STATUTORY REQUIREMENT WHEN THE FELONY COMPLAINT WAS NOT SWORN TO BEFORE A CLERK OR MAGISTRATE?

DID THE UNAUTHORIZED SIGNATURE ON THE JURAT UPON THE FELONY COMPLAINT CONSTITUTE FORGERY?

DID THE TRIAL COURT HAVE JURISDICTION TO TRY AND CONVICT PETITIONER NELSON BASED ON A FORGED OR MANUFACTURED FELONY COMPLAINT?

DISCUSSION:

# STATUTORY REQUIREMENT

14) In People v. Ramos, 430 Mich. 544, 558; 424 N.W.2d 509 (1988), the court held that "a signature alone is insufficient to constitute an oath" and reversal is required. Here, Sgt. Keely Cochran established that he did not swear to the complaint when the court officer signed the complaint on his behalf. [Appendix 6 Transcript 7-31-14 pg. 107.] This act did not satisfy the statutory requirement. MCL § 764.1a. "The complaint shall be sworn to . . .."

# UNAUTHORIZED SIGNATURE

15) Black's Law Dictionary 10th Ed. defines "unauthorized signature": A signature made without actual, implied or apparent authority. It includes a forgery page 1594. Here, Sgt. Cochran testified that a court officer had signed the complaint. United States v. Bertrand, 596 F.2d 150 (6th Cir. 1979). People v. Susalla, 392 Mich. 387, 392-393; 220 N.W.2d 405 (1974).

# FORGED AND/OR MANUFACTURED COMPLAINT

16)  Sgt. Cochran's testimony substantially confirmed that the essential element for forgering the felony complaint against Petitioner Nelson was indeed executed. Why would there be a need for a "court officer" to sign a valid complaint. As a matter of law a sworn unsigned complaint, affidavit, or an indictment is valid. See In The Matter of James E. Bennett, Bankrupt, 223 F. Supp. 423, 428 (Mich. W.D. 1963), see also, Hamilton v. McCotter, 772 F.2d 171, 183, 184, 185 (5th Cir. 1985).

"The elements of the crime of forgery are: (1) an act which result in the false making or alteration of an instrument (which makes an instrument appear to be what it is not); and (2) a concurrent intent to defraud or injure. The key is that the writing itself is a lie." People v. Grable, 95 Mich. App. 20, 24; 289 N.W.2d 871 (1980), citing People v. Susalla, 392 Mich. 387, 392-393; 220 N.W.2d 405 (1974), MCL § 750.248.

17)  Its acceptable for a "court officer" such as a prosecutor to help prepare a felony complaint for a detective or police officer. However, it is neither appropriate nor justifiable for a court officer to perform the same act as police officers to take the charging documents before a magistrate to swear-to and sign-said document for an arrest warrant to be issued. Fletcher v. Kalina, 93 F.3d 653 (9th Cir. 1996).

18)  It is not conceivable that a magistrate would have allowed for a court officer to **substitute** for an absent complaining witness to sign and/or to swear-to charging documents, unless the magistrate is corrupt. Therefore, in this matter there is reason to believe that the magistrate signature was also forged in violation of federal law 18 U.S.C. § 505 in light of the evidence presented in the State proceeding.

19)  In Hamilton v. McCotter, 772 F.2d 171, 184 (5th Cir. 1985), the court states:

"Texas constitution generally requires a grand jury indictment for all felony prosecutions. So it is at least arguable, in the absence of case law or statutory authority to the contrary, that Texas Courts would reach the conclusion that a wholly forged indictment does not confer criminal jurisdiction to the state trial court so that the "conviction" would be void."

20) Fortunately, the Michigan Supreme Court established in Williams v. Wayne County Sheriff, 395 Mich. 204, 234; 235 N.W. 552 (1975), that "a forged indictment charges no offense, provides no jurisdiction. . . ." In this matter the transcript of Sgt. Keely Cochran's testimony made it clear that Sgt. Cochran did not make, sign, or had sworn-to the complaint that Petitioner Nelson stands convicted.

21) Black's Law Dictionary 10th Ed defines "Fictitious Party." Someone who is named in a writ, complaint, or record as a party in a suit, but who does not actually exist, or a person who is named as a plaintiff but is unaware of the suit and did not consent to be named. Page 1298.

22) The transcript of Sgt. Cochran's testimony establishes that Sgt. Cochran was unaware that a felony complaint was made out in his name against Petitioner Nelson and that Sgt. Cochran had **not** gone to the prosecutor's office with a complaint seeking authorization for an arrest warrant for the offenses Petitioner Nelson stand convicted. Sgt. Cochran's name is merely typed in all of the charging documents as the complaining witness / complaint but had not signed or sworn to any of them. Even the report named Sgt. Cochran as the complainant and shows' that his name was typed in the blank for the signature. See [Exhibit 5 Trooper Lucio testified that she was the officer-in-charge who wrote the report but there is no report found with her name on it. [See Exhibit 2 Haywood's Answer with Report attached.]

23) Inceptional or jurisdictional fraud which destroys the judgment because it defeats the jurisdiction upon which the judgment must rest. Batey v. Batey, 35 Wn. 2d 791 (1950). Fraud on the court incident to due process is jurisdictional. A judgment or decree based on jurisdictional fraud is void. In re

6

_Estate of Roedell_, 253 Iowa 438 (1962). Fraud on the court the "AEDPA" is not a bar to correct fraud. _United States v. Williams_, 790 F.3d 1059 (10th Cir. 2015).

24) The acts by the State's agencies that's described above **denotes** two things that the felony complaint was forged and/or manufactured against Petitioner Nelson. Petitioner Nelson is entitled to habeas relief.


# ARGUMENT 2


FRAUD ON THE COURT BY THE COURT OF APPEALS FRAUDULENT REPRESENTATION AND FRAUDULENT CONCEALMENT.

DISCUSSION:

25) In _Hazel - Atlas Glass Co_., v. _Hartford - Empire Co_, 322 US 238, 244 (1944), "the court expressed that under certain circumstances one of which is after-discovered fraud, relief will be GRANTED against judgments regardless of the term of their entry."

26) On direct appeal, Petitioner Nelson asserted that the trial court locked jurisdiction to try and convicts him and Nelson also asserted that he was denied the right to contract an attorney and denied effective assistant of counsel. The prosecution did not refute Petitioner Nelson's allegations.

27) The Michigan Court of Appeals in 2016, January 12th, addressed Petitioner Nelson's jurisdictional defect claims, stating in pertinent part:

> "Defendant's complaint was signed by an assistant prosecutor and a complaining witness on March 5, 2014, in front of a magistrate. Therefore, the felony complaint satisfied the statutory requirement...."

28) However, complaining witness Sgt. Keely Cochran testified that a court officer signed the complaint on his behalf and that the signature was not his. [See Exhibit 6, pg. 107]. Moreover, assistant prosecutor, Ron L. Haywood established that he was not there on March 5, 2014, when the complaint was signed and also confirmed that the complaint was signed by a court officer and not signed by a complaining witness as the (MCOA) falsely stated. [Exhibit 2, Haywood's Answer.]

29) The [MCOA] fraudulently represented the court officer's signature as the signature for the complaining witness' when it was faced with evidence to the contrary. The [MCOA] fraudulently concealed that the complaint was signed by a court officer. Such concealment violated Nelson's fourteenth amendment RIGHT to the United States Constitution to have his case be heard by a just and fair panel of judges.

30) When a court officer / lawyer signs charging document intended for the complaining witness to sign the U.S. Supreme Court has AFFIRMED. In Kalina v. Fletcher, 522 U.S. 118, 129, 130, 131; 118 S.Ct. 502; 139 L.Ed.2d 471 (1997), that the constitutional requirement is not satisfied to commence prosecution.

The [MCOA] fraudulently represented the statutory requirement stating that the law was met when the felony complaint was :SIGNED", contradicting itself in the same breath, quoting MCL § 764.1a "The complaint shall be "sworn" to before a magistrate or clerk." [Appendix D (MCOA) 2016 Opinion pg. 6-7.]

31) If the (MCOA) three 3 panel judges had not fraudulently represented and fraudulently concealed the above facts the outcome would have had been different. Moreover, the credibility of Sgt. Keely Cochran's testimony has been taken as a joke - farce - mockery of justice, in which, courts has omitted parts of and manipulated it to make Sgt. Cochran's testimony means something different than what he has exactly said. The court is in denial and cannot accept the fact that Sgt. Cochran told the truth and exposing that the felony complaint was indeed manufactured against Petitioner Nelson. [See Exhibit 6 pg. 107.]

If the court's opinion had shown a verbatim account of Sgt. Cochran's testimony the context of it would have been transparent that Petitioner Nelson had been served a great injustice. <u>Petitioner Nelson is entitled to habeas relief.</u>

# ARGUMENT 3

MANUFACTURE AND FALSIFYING COURT'S RECORD BY THE COURT OF APPEALS.

<u>DISCUSSION</u>:

32) The Michigan Court of Appeals (MCOA) three 3 panel judges' stated the following in their 2016 opinion:

> "Defendant also argues that there was no return to the circuit court after the district court bound him over, and thus, the circuit court did not have jurisdiction over his case. However, not only does the file contain the actual return; but the file also contains the form referencing MCR 6.110 that certified the transmittal of bind over after examination. In that document the district court clerk certified that certain documents were forward to the circuit court, including the return to circuit court. That document is dated May 2, 2014, and signed by the clerk. Therefore, contrary to defendant's assertions, the circuit court properly obtained personal jurisdiction over him. <u>Goeke</u>, 457 Mich. at 458-459. There was no error, and defendant's argument lacks merit."

33) After the January 2016 opinion was made, in February 2016 Petitioner Nelson received an affidavit (Document Certification) from the Wayne County Clerk that states there is no document dated May 2, 2014, in the court's record. [Exhibit 1 Clerk's Affidavit.] This prove that the May 2, 2014, documents from the district court's were manufactured and that no return to circuit court that shows it was time-stamped filed exist.

9

34) The MCR 6.110 from the (MCOA) three 3 panel judges referred to is called "Bind-Over pocket certification." The original bind-over packet is dated April 28, 2014, and is consistent with the <u>bind-over</u> <u>date</u> on the register of action. However, it too did not contain any documents recorded with the district court clerk nor did a return to circuit court exist at the time that that bind-over packet certification was created and forward to the circuit court nor does the register of action show that a return to circuit had been filed. [See Register of Actions.]

35) <u>Martin v. United States</u>, 889 F.3d 827, 832 (6th Cir. 2018), the burden "for establishing an entitlement to an evidentiary hearing is relatively light;" and where there is a factual dispute, the habeas court must hold an evidentiary hearing.

36) Here, its obvious that the court's record has been compromised with tainted documents. Its impossible for any competent court to determine what documents are true or false without first conducting an evidentiary hearing. [See Exhibit 7, May 2, 2014, and April 28, 2014, Bind-Over Packet Certification, coupled with the Clerk's Affidavit mandates an evidentiary hearing.]

37) Petitioner Nelson can not advance or properly prepare a substantial defense to protect his constitutional rights with tainted court documents. MCOA three 3 panel judges has worked a GREAT injustice upon Petitioner Nelson. There is no fourteenth amendment Due process to be had with the use of wholly tainted documents. Petitioner Nelson's appeal of RIGHT had been sabotaged with the use of tainted documents. MCOA decision to use fraudulent documents to affirm Nelson's conviction and sentence was unreasonable and such unreasonable judgment should be reversed. <u>Marshall v. Holmes</u>, 141 US 589; 35 LEd 870; 12 S.Ct 62 (1891). <u>**Petitioner Nelson is entitled to habeas relief.**</u>

# ARGUMENT 4

WHEN THE MICHIGAN COURT OF APPEALS REASONED THAT THE FELONY COMPLAINT MET THE STATUTORY REQUIREMENT BECAUSE THE FELONY COMPLAINT WAS SIGNED BEFORE A MAGISTRATE, A MISAPPLICATION OF LAW?

WAS THE FELONY COMPLAINT THAT PETITIONER WAS CONVICTED UNDER SWORN TO BY THE COMPLAINING WITNESS AS REQUIRED BY STATE LAW?

DISCUSSION:

38) Black's Law Dictionary 10th Ed. defines "Swear out" as: To obtain the issue of (an arrest warrant) by making a charge under oath <Franklin swore out a complaint against Sutton>. page 1677.

39) MCL § 764.1a provides: A magistrate shall issue a warrant upon presentation of a proper complaint alleging the commission of an offense and a finding of reasonable cause to believe that the individual accused in the complaint committed that offense. The complaint shall be sworn to before a magistrate or clerk.

40) MCR 6.101(B) provides: Signature and Oath. The complaint must be signed and sworn to before a judicial officer or court clerk.

41) The Michigan Court of Appeals (MCOA) stated "Defendant's complaint was signed by an assistant prosecutor and a complaining witness on March 5, 2014, in front of a magistrate. Therefore, the felony complaint satisfied the statutory requirements . . . ." [Appendix D (MCOA) Opinion page 6.]

The (MCOA) stated "Here, the factual allegations in the signed complaint itself were sufficient to support the magistrate's probable cause determination and there is no indication that the magistrate relied on oral testimony that was not properly preserved. Thus, the complaint satisfied the requirements in MCR 6.101(A) and (B), and served to properly commence the judicial proceedings against defendant. Burrill, 391

Mich. at 128. 4" [Appendix D MCOA Opinion page 7.]

42) Again, the MCOA stated: "Likewise, defendant's complaint signed by an assistant prosecutor and a complaining witness on March 5, 2014, in front of a magistrate. Satisfying the statutory requirements." [Appendix D MCOA Opinion page 11.]

43) Testimony from Sgt. Keely Cochran established that the felony complaint was merely signed and that Sgt. Cochran did not swear to the complaint before or after the felony complaint was signed. [Exhibit 6, Transcript 7-31-14 pg. 107.]

44) In People v. Ramos, 430 Mich. 544; 424 NW2d 509 (1988), the Michigan Supreme Court held, that a signature alone is insufficient to constitute an oath and that a reversal was required, it stated in pertinent part:

> "The court affirmed appellant's Welfare Fraud conviction and reversed the perjury conviction. The court explained reversal required because Administration of an oath was an element of perjury under Mich. Comp. Law § 750.423 (Mich. Stat. Ann. 28.665), and an oath was not administered to appellant when he simply signed the application. The court explained that signing of the application even under written penalty of perjury did not constitute an "oath." The reasoned the form of an "oath" sufficient to be the basis of a perjury conviction included an oral administration, acknowledgment of the oath, and the raising of the oath take's right hand. The court observed this format was designed for the purpose of being distinct and recognizable to alert the oath taker to the assumption of the obligation and responsibility to be truthful."

45) In the instant case the State's appeal Court established three (3) that the felony complaint Petitioner was prosecuted under was merely signed, not sworn to. Therefore, Petitioner Nelson was never charged for the offenses he stands convicted, and such conviction is without due process of law and must be reversed and set aside. See [Appendix D pgs. 6, 7, 11.]

46) In Olsen v. McFaul, 843 F.2d 918, 931 (1988), the Sixth Circuit stated, "In Bovie v. Columbia, 378 US 347, 12 L.Ed. 894; 84 S.Ct 1697 (1964), the Supreme Court held that when a state appellate court affirms a conviction by construing a statute in a

new and unexpected manner, thereby making criminal what
previously was not recognized as such, the conviction violates
the due process clause and must be reversed."

47) The Michigan Court of Appeals had altered the law in
violation of Petitioner Nelson's due process rights. MCOA had
arbitrarily replaced the word "<u>sworn</u>" for the word "<u>signed</u>" in
MCL § 764.1a. The Fourteenth Amendment to the United States
Constitution states in pertinent part:

>"No State shall make or enforce any law which
>shall abridge the privileges or immunities of
>citizens of the United States; nor shall any
>State deprive any person of life, liberty or
>property without due process of law; nor deny
>to any person within its jurisdiction the equal
>protection of laws."

48) Ex post facto criminal laws are prohibited by the
Constitution. Ex post facto clause is defined as, "One of two
clauses in the United States Constitution forbidding the
enactment of ex post facto laws. See U.S. Const. Art. 1 § 9.
cl.3; Art. 1. §10. Cl.1.,.

49) What was once void from the beginning cannot later
become retroactively valid by a court that chooses to construe to
alter a valid statue into a new language that is not recognized
by legislature. Here, the felony complaint was void from the
start and if the Michigan Court of Appeals had not misrepresented
the law Petitioner Nelson's case would have been reversed.

50) A federal court sitting in diversity must apply the law
of the state's highest court. <u>Olsen v. McFaul</u>, 843 F.2d 918, 928
(6th Cir. 1988). See <u>People v. Ramos</u>, 430 Mich. at 558. The
Michigan Supreme Court holds that a signature alone is
insufficient to constitute an "oath", and also holds that the
mere appearing before the justice and signing a criminal
complaint does not constitute swearing to it.

51) The Michigan Court of Appeals had **NEVER** in history since
MCL § 764.1a has been created misapplied it to a case. For a
Michigan State judge to misapply MCL § 764.1a is like for a
federal judge willfully and intentionally misapplying the <u>plain
language</u> of the Fourth Amendment to the United States

Constitution to issue a warrant <u>without</u> an Oath or Affirmation, "which does not happen."

52)  The Michigan Court of Appeals intentional misapplication of law is a "rape of justice" that send the message that it is above the law and thus, an oath is no longer required to obtain a warrant; this violates, and makes the Fourth Amendment to the United States Constitution <u>Obsolete</u> in the State of Michigan.

53)  The Michigan Court of Appeals decision to affirm Petitioner Nelson's conviction and sentence via an intentional misapplication of law was unreasonable and is repugnant to the due process clause of the Fourteenth Amendment to the United States Constitution and **MUST be REVERSED**. <u>Bovie v. Columbia</u>, 378 347, 353-355, 362, 363; 12 LEd 894; 84 S Ct 1697 (1964). <u>Petitioner Nelson is entitled to habeas relief</u>.

## RELIEF REQUESTED

Petitioner Deryl Dude Nelson, asks this Honorable Court to:

1.    Grant him habeas relief;
2.    Grant an evidentiary hearing;
3.    Order such other relief as this Court deems appropriate.

## AFFIDAVIT

    I Deryl Dude Nelson swear under penalty of perjury the aforesaid, referenced, and above is true and factual and complete; at this time I am legally competent to put forth in good faith.

Petitioner Deryl Dude Nelson /s/ _____

Subscribed and sworn to before me,
a Notary Public, this _8_____
day of NOVEMBER, 2019.

> Sandra Weisinger
> Notary Public - State of Michigan
> County of Chippewa
> My Commission Expires: 11/04/2025
> Acting in the County of Chippewa

/s/ _Sandra Weisinger_____
Notary Public
My Commission Expires: 11/04/2025

================================================

_November 14, 2019_
    Dated

Respectfully submitted,

    Deryl Dude Nelson #348736
Petitioner In Propria Persona
Kinross Correctional Facility
4533 West Industrial Park Drive
Kincheloe, Michigan 49788-1638

15

Deryl Dude Nelson # 348736
Kinross Correctional Facility
4533 W. Industrial Park Dr
Kincheloe, MI 49788



United States Dis
Northern Divis
Federal Bldg.
110 Michigan NW
Grand Rapids, /



U.S. POSTAGE >> PITNEY BOWES

ZIP 49788 $ 007.85⁰
02 4W
0000361578 NOV 15 2019

-rict Court

ion

/

/1 49503